UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
: 
Sandy Macias,                                                      :     20-CV-1723 (ARR) (RER)
                                                                   :
                 Plaintiff,                                        :     NOT FOR ELECTRONIC
                                                                   :     OR PRINT PUBLICATION
     -against-                                                     :
                                                                   :     OPINION & ORDER
Mullooly, Jeffrey, Rooney & Flynn LLP,                             :
                                                                   :
                 Defendant.                                        :
                                                                   :
------------------------------------------------------------------- :
                                                                   X

ROSS, United States District Judge:

In this action under the Fair Debt Collection Practices Act ("FDCPA"), defendant, Mullooly, Jeffrey, Rooney & Flynn LLP, seeks leave to file a second amended answer to include newly discovered facts supporting a lack-of-standing defense. Def.'s Mot. to Am. Answer ("Def.'s Br.") 1, ECF No. 20-1. Plaintiff, Sandy Macias,[1] opposes because defendant does not seek to add any new admissions, denials, or defenses and defendant should have been aware of the facts that it seeks to add when it filed its first amended answer as of right. Pl.'s Opp. to Mot. to Am. Answer ("Pl.'s Br.") 3–4, ECF No. 20-6. Nevertheless, I grant defendant's motion because plaintiff has failed to provide any reasons why defendant's proposed changes meet the standard for denying leave to amend at this stage.

## BACKGROUND

Plaintiff filed this action under the FDCPA on April 7, 2020. See Compl., ECF No. 1.

---

[1] Defendant claims plaintiff's last name is spelled "Macius." See Am. Answer 1, ECF No. 11. Plaintiff, however, has not sought to change the spelling of her name in the complaint or caption in this case.

1

Defendant originally answered the complaint on May 1, 2020. *See* Answer, ECF No. 8. It then filed an amended answer as of right on May 19, 2020, adding a lack-of-standing defense because plaintiff had not listed this FDCPA action in her schedule of assets and liabilities in her bankruptcy case. Am. Answer ¶¶ 116–31, ECF No. 11. Since then, defendant discovered that plaintiff had filed an amended bankruptcy schedule in February 2020 that also omitted this action, despite including several other FDCPA claims. Def.'s Br. 1; Pl.'s Br. 2. On June 1, 2020, defendant sought permission to move to amend its answer to include these facts. *See* Def.'s Pre-Motion Letter ("Def.'s PML"), ECF No. 13. I granted permission but encouraged plaintiff to consent to amendment. *See* Order, June 12, 2020. Ultimately, however, plaintiff opposed. Pl.'s Br. 3–4.

## DISCUSSION

I grant defendant's motion because plaintiff has failed to meet her burden to show amendment is not warranted here.

While at this stage of the litigation "a party may amend its pleading only with the opposing party's written consent or the court's leave," courts "should freely give leave" to amend an answer "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to do so lies "within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Rsch, Inc.*, 401 U.S. 321, 330 (1971).

"The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). An opposing party also may defeat a motion to amend pleadings if they show proposed changes are "futil[e]" or would result in "undue delay." *McCarthy v. Dun &*

2

*Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *see also Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

Plaintiff, who bears the burden here, has not provided any reasons why allowing the limited amendments proposed this early in litigation would be in bad faith, prejudicial, futile, or unduly dilatory. Rather, without relying on any legal authority, plaintiff opposes defendant's motion on two bases: (1) defendant's proposed amendments do not add any admissions, denials, or defenses to the first amended answer, Pl.'s Br. 2, 4; and (2) defendant's counsel should have known of plaintiff's bankruptcy schedule amendment before filing the first amended answer as of right, *id*. at 3–4. Neither argument is persuasive.

First, while defendant's proposed amendments merely supplement an existing defense, plaintiff points to no case law supporting the proposition that amendments to answers must be limited only to adding admissions, denials, or defenses. At this stage, the court has discretion to grant amendment "freely"—regardless of the types of amendments proposed—unless the opposing party shows those amendments are in bad faith, prejudicial, futile, or unduly dilatory. Fed. R. Civ. P. 15(a)(2); *see McCarthy*, 482 F.3d at 200.

Second, although defendant should have been aware of plaintiff's February 2020 bankruptcy schedule amendment when it filed the first amended answer in May, it sought permission to move to amend shortly thereafter. *See* Def.'s PML (filed thirteen days after the Amended Answer). Plaintiff does not argue that this omission was in bad faith. Nor does she argue that defendant's motion to amend has caused her prejudice or undue delay. While plaintiff may contest the lack-of-standing defense on the merits, she does not argue that the proposed amendments are so irrelevant to that defense that their inclusion would be futile. Thus, plaintiff has failed to meet her burden.

## CONCLUSION

For the foregoing reasons, I grant the motion to amend defendant's answer. Defendant must file the second amended answer on the docket within seven days.

SO ORDERED.

/s/(ARR)
_____
Allyne R. Ross
United States District Judge

Dated:        August 20, 2020
                Brooklyn, New York